STAR-KIST SAMOA, Inc., and TRAVELERS INSURANCE Co., Plaintiffs

v.

WORKMEN'S COMPENSATION COMMISSION, Defendant

MANUIA PEI, Real Party in Interest

High Court of American Samoa
Trial Division

CA No. 111-87

May 20, 1988

Before REES, Chief Justice.

Counsel: For Plaintiffs, Togiola T.A. Tulafono
 For Defendant, Caroline B. Crenna,
 Assistant Attorney General
 For Real Party in Interest, Charles
 Ala'ilima

On Motion to Dismiss:

This motion was based on failure of counsel for plaintiffs to file a brief by the deadline which had previously been set by the Court. At the hearing on the motion, held on April 11, counsel for plaintiffs expressed his uncertainty about whether he had actually missed the deadline. The motion was taken under advisement.

The Court has ascertained from the transcript of the earlier hearing, held on February 25, that counsel for plaintiffs was ordered to file his brief by March 10. The brief was instead filed on March 14. Nor was this the first deadline missed by counsel for plaintiffs in this case: the record reflects that counsel for plaintiffs filed on January 28 a motion to extend a deadline that had expired on January 15. The Court granted that motion with the observation that the consequences of attorneys' failure to comply with Court rules should fall whenever possible on the attorneys themselves rather than on their clients. For the same reason, the present motion to dismiss is denied. We will, however, award the defendants and the real party in interest any attorneys' fees and other expenses occasioned by the various delays and the pleadings and hearings related to them, such fees and expenses to be proved by affidavit.

At the April 11 hearing the Court also undertook to determine whether the parent/child relationship between the decedent and the real party in interest was legally terminated during the decedent's lifetime. We have ascertained that it was not. The petition for termination of parental rights in Juvenile case No. 47-85 was not filed until April 25, 1985, and concerned only the parental rights of the child's surviving father.

The case appears ripe for decision on the merits. Unless by May 27 any party has requested oral argument or filed another pleading requiring a further hearing, the Court will proceed to determine the case on its merits.

It is so ordered.